UNITED STATE S BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| KALVIN K. HARRIS, | )    Case No. 05-12519 |
| | ) |
| Debtor. | ) |
| | ) |

## MEMORANDUM OPINION

THIS MATTER came before the Court for hearing on November 10, 2005 upon a Motion by the Bankruptcy Administrator to determine the propriety of actions and fees of petition preparer Armina D. Swittenberg. At the hearing, Sarah Bruce represented the Bankruptcy Administrator, Armina D. Wittenberg (the "Petition Preparer") failed to appear, and Kalvin K. Harris (the "Debtor") appeared pro se.

## PROCEDURAL BACKGROUND

The Debtor filed a Chapter 7 petition on August 16, 2005. The petition was signed by the Debtor and by Ms. Swittenberg as the petition preparer. The Bankruptcy Administrator filed the Motion on October 21, 2005, and requested that the Court conduct a hearing regarding Ms. Swittenberg's activities and fees as a petition preparer. Ms. Swittenberg did not file a response to the Motion. An Order was entered by the Court on October 24, 2005, directing Ms. Swittenberg to appear before the Court to determine (a) whether she had violated any of the provisions of Section 110 of the United States Bankruptcy Code, (b) whether she had engaged in fraudulent, unfair, or deceptive acts within the meaning of Section 110(i), including the unauthorized practice of law, (c) whether any fee or compensation received by her was excessive, and (d) whether she should be enjoined from preparing further petitions in this district. A hearing was held on

November 10, 2005, and evidence was received. Based upon the evidence and arguments presented at the hearing, a review of the Motion, and a review of the entire official file, this Court makes the following findings of fact and conclusions of law.

## JURISDICTION

The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157 (b)(2)(A), which this Court may hear and determine except for any matters that should be certified to the district court pursuant to 11 U.S.C. § 110 (i)(1).

## FACTS

The Debtor filed this bankruptcy case on August 16, 2005 (the "Petition Date"). The initial filing consisted of a voluntary Chapter 7 bankruptcy petition and schedules, all prepared by Ms. Swittenberg on behalf of the Debtor. The Debtor testified that Ms. Swittenberg typed his bankruptcy petition and schedules and further testified that she furnished the legal citations necessary to specify the law entitling the Debtor each exemption listed on his Schedule C titled "Property Claimed as Exempt."

## ANALYSIS

Section 110 of the Bankruptcy Code regulates the conduct of bankruptcy petition preparers. Congress enacted Section 110 to "address the growing problem of bankruptcy [petition] preparers who abuse the system in the course of preparing documents for debtors to file." 2 Collier on Bankruptcy, ¶ 110.LH (15th ed. rev. A. Resnick & H. Sommer 2003)(p.110-22 - 110-24) (citing S. Rep. No. 103-168, 103rd Cong., 1st Sess 51 (1993)).

Section 110(h)(2) provides that a court "shall disallow and order the immediate turnover to

the bankruptcy trustee of any fees referred to in paragraph (1) found to be in excess of the value of services rendered for the documents prepared." Section 110(h)(3) provides that the debtor, the trustee, a creditor, or the Bankruptcy Administrator may file a motion for an order under Section 110(h)(2). The motion for show cause order filed by the Bankruptcy Administrator in this case is such a motion, and the Court therefore is called upon to determine whether the $250.00 charged by Ms. Swittenberg in this case is in excess of the value of the services provided by Ms. Wittenberg as a petition preparer.

Services for which a petition preparer may be compensated are limited to authorized services that are performed by the petition preparer. In order for services to be authorized and compensable, the services must be services that a petition preparer can lawfully perform. This determination requires the Court to determine whether the services performed by Ms. Swittenberg constitute the unauthorized practice of law. If Ms. Swittenberg performed services that constitute the unauthorized practice of law, then she cannot be compensated for those services.

a.   *Reasonableness of Fees*

Under Section 110, the burden of proving the reasonableness of a fee collected by a bankruptcy petition preparer rests upon the petition preparer. See, e.g., In re Froehlich, 23 Fed. Appx. 572, 574 (7th Cir. 2001) (2001 WL 1530594) (petition preparer, as the party seeking fees, "has the burden of establishing that he or she is entitled to them once a question regarding their reasonableness has been raised."); In re Haney, 284 B.R. 841, 850-51 (Bankr. N.D. Ohio 2002); In re Doser, 281 B.R. 292, 313 (Bankr. D. Idaho 2002); In re Bush, 275 B.R. 69, 85-86 (Bankr. D. Idaho 2002). In the present case, the Bankruptcy Administrator has shown that Ms. Swittenberg acted as a petition preparer and that she collected a fee from the Debtor. The burden of proof

regarding whether Ms. Swittenberg's fee was reasonable rested with Ms. Swittenberg. Ms. Swittenberg's failure to attend the hearing has negated her ability to show, by a preponderance of the evidence or any other standard, that the fee that she collected was reasonable compensation for her services as a petition preparer.

Since a petition preparer can only provide services such as typing forms after a prospective debtor has made the decision to file a bankruptcy case, typing is the only service for which Ms. Swittenberg is entitled to be compensated in this case. Courts in this district use the analogy that the fee that is proper for a petition preparer is analogous to what a professional typist or work processor would charge because their services are most comparable to what a petition preparer is authorized to do. See In re Graham, slip op. at 23; see also In re Moore, 283 B.R. at 859; In re Bush, 275 B.R. at 85 (rejecting consideration of rates charged by paralegal because "[bankruptcy petition preparers] are prohibited from providing paralegal services"). This Court has found that approximately $80.00 is reasonable compensation for such services. See In re Graham, slip op. at 23.

b.   *Unauthorized Practice of Law*

The Bankruptcy Administrator argues that Ms. Swittenberg engaged in the unauthorized practice of law when she used her discretion, experience, and/or knowledge to provide the Debtor with the legal citations specifying the law providing each exemption on the Debtor's Schedule C, therefore providing something more than a mere typing service.

Persons other than members of the North Carolina State Bar are prohibited from practicing law in this State. N.C. Gen. Stat. § 84-4. The practice of law specifically includes performing any legal service for another person, preparing petitions, or assisting by advice, counsel, or otherwise in

any legal work. N.C. Gen. Stat. § 84-2.1.[1]  A person who engages in the unauthorized practice of law is subject to criminal prosecution for a class 1 misdemeanor, N.C. Gen. Stat. § 84-8, which is prosecuted by the local district attorney.  N.C. Gen. Stat. § 84-7 ("The district attorney ... shall ... indict any person ... upon the receipt of information of the violation of the provisions of G.S. 84-4 ...."); <u>Disciplinary Hearing Comm'n of the N.C. State Bar v. Frazier</u>, 556 S.E.2d 262, 264 (N.C. 2001)(criminal sanctions for the unauthorized practice of law are under the exclusive control of the district attorneys).  <u>See also</u> <u>In re Losee</u>, 195 B.R. 785, 786 (Bankr. M.D. Fla. 1996)(whether or not the petition preparer is guilty of the unauthorized practice of law was a question for the Florida Supreme Court on recommendation of the Florida Bar – the determination of guilt is not an issue for the bankruptcy court).

    Based on the facts of this case, and the guidelines of N.C. Gen. Stat. § 84-2.1, the Court is convinced that Ms. Swittenberg did not act as a mere scrivener and that she engaged in the

---

[1] The statute provides:
The phrase "practice law" as used in this Chapter is defined to be performing any legal service for any other person, firm or corporation, with or without compensation, specifically including the preparation or aiding in the preparation of deeds, mortgages, wills, trust instruments, inventories, accounts or reports of guardians, trustees, administrators or executors, or preparing or aiding in the preparation of any petitions or orders in any probate or court proceeding; abstracting or passing upon titles, the preparation and filing of petitions for use in any court, including administrative tribunals and other judicial or quasi-judicial bodies, or assisting by advice, counsel, or otherwise in any legal work; and to advise or give opinion upon the legal rights of any person, firm or corporation: Provided, that the above reference to particular acts which are specifically included within the definition of the phrase "practice law" shall not be construed to limit the foregoing general definition of the term, but shall be construed to include the foregoing particular acts, as well as all other acts within the general definition. The phrase "practice law" does not encompass the writing of memoranda of understanding or other mediation summaries by mediators at community mediation centers authorized by G.S. 7A-38.5.
N.C. Gen. Stat. § 84-2.1.

unauthorized practice of law in her preparation of the Debtor's petition and schedules inasmuch as she provided the Debtor with the legal citations necessary to specify the law entitling the Debtor each exemption listed on his Schedule C.

c.      *Deceptive Acts*

The Bankruptcy Administrator requested a show cause order, in part, to determine if Ms. Swittenberg had engaged in any deceptive act or practice proscribed by 11 U.S.C. § 110(i).

Section 110(i) of the Bankruptcy Code states that "if a bankruptcy petition preparer ... commits any fraudulent, unfair, or deceptive act, the bankruptcy court shall certify that fact to the district court ...." An "unfair" or "deceptive act" is not specifically defined in the Bankruptcy Code, but under North Carolina law, an act is "deceptive if it has the tendency to deceive." Gray v. North Carolina Ins. Underwriting Ass'n, 529 S.E.2d 676, 681 (N.C. 2000). "Deceit" is defined as "the act of intentionally giving a false impression." Black's Law Dictionary 435 (8th ed. 2004). By analogy, a party states a cause of action under North Carolina law for a violation of the unfair and deceptive trade practices statute when: (1) the party shows an unfair or deceptive act, (2) in or affecting commerce, which (3) proximately caused injury to the complaining party. Country Club of Johnson County, Inc. v. U.S. Fid. & Guar. Co., 563 S.E.2d 269, 278 (N.C. 2002). See also N.C. Gen. Stat. § 75-1.1 ("[U]nfair or deceptive trade practices in or affecting commerce, are declared unlawful.").

In the context of petition preparer litigation, courts have determined that a petition preparer who engages in the unauthorized practice of law commits an unfair or deceptive act pursuant to 11 U.S.C. § 110(i), and that the conduct may also subject the petition preparer to an injunction under Section 110(j) for engaging in "fraudulent, unfair or deceptive conduct." See, e.g., In re Moore, 283 B.R. 852, 857 (Bankr. E.D.N.C. 2003)("[T]he giving of legal advice by a non-attorney constitutes

an unfair practice and may be a criminal act .... courts ... have the ability to enjoin unfair and deceptive acts."); As explained above, Ms Swittenberg has engaged in the unauthorized practice of law before this Court, therefore, committing an unfair or deceptive act pursuant to Section 110(i).

d.     *Injunctive Relief.*

Pursuant to Section 110(j), the debtor, a trustee, a creditor, or the Bankruptcy Administrator "may bring a civil action to enjoin a bankruptcy petition preparer from engaging in any conduct in violation of this section or from further acting as a bankruptcy petition preparer." 11 U.S.C. § 110(j). Further, the fact that Congress has granted statutory standing to debtors, creditors, trustees and the Bankruptcy Administrator to seek injunctive relief does not preclude the bankruptcy court from raising the issue of injunctive relief by means of an order to show cause. See In re Graves, 279 B.R. 266, 273 (9th Cir. BAP 2002). However, if injunctive relief is sought through a show cause order instead of an adversary proceeding, principles of due process mandate that the petition preparer be afforded the procedural protections inherent in an adversary proceeding. See id. at 274. Notice to the petition preparer that injunctive relief is to be considered is an essential procedural protection that must be given to the petition preparer. See id. at 276.

The Bankruptcy Administrator filed a Motion to Show Cause and the Court issued a show cause order (the "Order") in response to the Motion, which stated that one objective of the hearing would be "to determine whether Ms. Swittenberg should be enjoined from engaging in conduct which is in violation of Section 110 or from further acting as a bankruptcy petition preparer in this district." Since the Order provided notice for the injunctive relief, there is no procedural impediment to this court granting injunctive relief. See In re Graham, slip op. at 33, citing In re Moore, 290 B.R. 287, 292-93 (Bankr. E.D.N.C. 2003).

The Court finds it appropriate to grant the injunctive relief available in Section 110(j) and to bar Ms. Swittenberg from preparing further documents to be filed in the Middle District of North Carolina.

## Conclusion

Based upon the foregoing findings and conclusions, an order shall be entered in this case contemporaneously with the filing of this memorandum opinion granting the following relief:

(1) The $250.00 fee charged by Ms. Swittenberg in this case shall be disallowed, and Ms. Swittenberg shall be ordered to disgorge and turn over $250.00 to the Trustee pursuant to Section 110(h)(2) of the Bankruptcy Code;

(2) Ms. Swittenberg shall be enjoined from preparing any documents to be filed with this Court on behalf of any person other than herself;

(3) This case shall be certified to the United States District Court for the Middle District of North Carolina for consideration of sanctions and damages pursuant to Section 110(i); and

(4) A copy of this opinion shall be forwarded to the Guilford County District Attorney's Office in Greensboro, North Carolina, to consider if criminal prosecution is warranted for the unauthorized practice of law.